STATE of Wisconsin, Plaintiff-Respondent,

v.

Gary ZIMMERMAN, Defendant-Appellant.

Court of Appeals

*No. 93–1896–CR. Submitted on briefs March 8, 1994.—Decided May 18, 1994.*

(Also reported in 518 N.W.2d 303.)

550

On behalf of the defendant-appellant, the cause was submitted on the briefs of *John J. Grau* of Waukesha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Barbara L. Oswald*, assistant attorney general.

Before Anderson, P.J., Brown and Snyder, JJ.

SNYDER, J. Gary Zimmerman appeals from the habitual criminality (repeater) sentencing provision of a judgment of conviction for armed robbery and from an order denying his motion for postconviction relief. Zimmerman contends that the repeater portion of his sentence was not authorized by law because the State failed to provide sufficient proof that the prior conviction was within five years of the present offense as required by § 939.62(2), STATS., and he did not admit the repeater allegation. We agree; therefore, we reverse the repeater provision of the sentence and commute the sentence to the maximum on the underlying charge. We also reverse the trial court's order denying the postconviction motion.

The facts are not in dispute. On December 18, 1991, the State filed a criminal complaint charging Zimmerman with armed robbery. The complaint made no mention of previous offenses and no repeater allegations. On April 20, 1992, the State filed an information alleging that Zimmerman had been convicted of aggravated battery in Potter County, Texas on or about November 9, 1983 and had been "released" on March 28, 1991, thereby making him a habitual criminal

according to § 939.62(2), STATS.[1] However, the information did not indicate when Zimmerman's sentence commenced and over what period of time he was actually incarcerated. At the arraignment held later the same afternoon, Zimmerman waived the reading of the complaint. No mention was made of the new repeater allegation contained in the information.

On October 2, 1992, the court held a plea and sentencing hearing. Prior to accepting Zimmerman's guilty plea, the court noted the repeater allegation in the information. Zimmerman acknowledged receiving a copy of the information and admitted that he was convicted of a felony in Texas in 1983. When discussing Zimmerman's understanding of the plea agreement, Zimmerman's attorney stated that she assumed that the habitual criminality charge would be dismissed. When questioned further, both Zimmerman and his attorney stated that they understood that in exchange for a guilty plea to the armed robbery charge, the State would recommend a twenty-five-year prison term concurrent to any previous sentence. The maximum term for armed robbery is twenty years. Sections 943.32(2) and 939.50(3)(b), STATS.

The court accepted Zimmerman's guilty plea and also found that he had been convicted of a felony within

---

[1] The relevant portion of the information charges:

Gary M. Zimmerman has been previously convicted within the past five (5) years of the following crime: Aggravated Robbery in Potter County, State of Texas, contrary to Section 29.03, Texas Statutes, and was so convicted of the above crime on or about 11-09-83 being released on 3-28-91, which conviction remains of record and unreversed; therefore, the said defendant, Gary M. Zimmerman, constitutes a habitual criminal pursuant to Section 939.62(2), Wisconsin Statutes, and pursuant to Section 939.62(1)(d), Wisconsin Statutes, the defendant is subject to ten (10) years imprisonment as a result of his previous felony convictions as stated above.

the past five years in Texas, thereby designating him a repeat offender under § 939.62(2), STATS. The court subsequently imposed a twenty-five-year concurrent sentence, attributing five years to Zimmerman's repeat offender status.

On April 8, 1993, Zimmerman filed a postconviction motion to vacate the five years of his sentence attributable to the penalty enhancer on grounds that he did not have notice of the repeater provision at his arraignment and the court did not have a sufficient basis upon which to sentence him as a repeat offender. The trial court denied the motion. Zimmerman appeals the judgment and the order denying his motion for postconviction relief.

At the outset, the parties dispute the appropriate standard of review on appeal. We reject the State's suggestion that we must give deference to the trial court's decision finding Zimmerman to be a habitual criminal. Review of the trial court's use of the penalty enhancer in this case requires the application of §§ 939.62 and 973.12, STATS., to an undisputed set of facts. Therefore, the issue presents a question of law to be reviewed de novo. *State v. Carpenter*, 179 Wis. 2d 838, 841, 508 N.W.2d 69, 71 (Ct. App. 1993). The issue is whether the penalty enhancer imposed was void as a matter of law, not whether the lower court misused its discretion. *See State v. Wilks*, 165 Wis. 2d 102, 107 n.6, 477 N.W.2d 632, 635 (Ct. App. 1991).

According to § 939.62(2), STATS., a defendant "is a repeater if he was convicted of a felony during the 5-year period immediately preceding the commission of the crime for which he is presently being sentenced." In addition, time which the defendant spent in actual confinement serving a criminal sentence is excluded from

554

the five-year computation period. *Id.* A defendant is subject to the increased penalty if "such prior convictions are admitted by the defendant or proved by the state." Section 973.12(1), STATS.; *State v. Coolidge*, 173 Wis. 2d 783, 796, 496 N.W.2d 701, 708 (Ct. App. 1993). Based upon our review of the record, we conclude that neither requirement mandated by § 973.12(1) was established in this case.

The State's primary argument is that this case is controlled by *State v. Rachwal*, 159 Wis. 2d 494, 465 N.W.2d 490 (1991). In *Rachwal*, the supreme court held that *under the circumstances of the case*:

> [A] plea of guilty or no contest to a criminal complaint containing a "repeater provision" alleging a prior conviction constitutes, under sec. 973.12, STATS., an admission by the defendant of such prior conviction so that the state need not prove such prior conviction for purposes of sentence enhancement according to sec. 939.62.

*Rachwal*, 159 Wis. 2d at 512-13, 465 N.W.2d at 497. Therefore, the State argues that Zimmerman's guilty plea in the present case constituted an admission to the repeater allegation such that it need not prove the prior conviction.

Despite the State's suggestion, *Rachwal* does not stand for the proposition that a guilty plea constitutes an admission per se. In fact, the court expressly recognized that a guilty plea may not constitute an admission if the judge fails to conduct the proper questioning so as to ascertain the meaning and potential consequences of such a plea. *Id.* at 512, 465 N.W.2d at 497. It is well established that the admission may not by statute be inferred or made by the defendant's attor-

ney, but rather must be a direct and specific admission by the defendant. *State v. Farr*, 119 Wis. 2d 651, 659, 350 N.W.2d 640, 645 (1984). Based upon our reading of the record, we cannot conclude that the colloquy into Zimmerman's understanding of the meaning of the repeater allegation he was facing can be said to have produced a direct and specific admission. *See Rachwal*, 159 Wis. 2d at 509, 465 N.W.2d at 496.

In *Rachwal*, the trial court expressly drew the defendant's attention to the repeater charge and to the fact that the possible penalties the defendant was facing might be enhanced as a result of the defendant being found guilty pursuant to his no contest plea. Further, the court repeatedly questioned the defendant regarding his understanding of the situation and potential consequences. *Id.*

In the present case, unlike *Rachwal*, there was confusion at the plea hearing as to the nature of the plea agreement. Although both Zimmerman and his counsel stated that their understanding was that the State would recommend a twenty-five-year prison term for a plea to armed robbery, neither expressly acknowledged Zimmerman's repeater status.[2] Zimmerman indicated on his plea questionnaire that he believed his

---

[2] The court instructed Zimmerman's attorney that "[i]n order for it to have been 25 years, there would have to have been an understanding as to the habitual criminality, otherwise it would be a maximum of 20 years." However, in an effort to clear up the confusion, the court posed the following question to both Zimmerman and his attorney: "My question, was it your understanding the district attorney's office today was going to be recommending 25 years concurrent to any sentences he is previously serving." The question as posed relates only to the ultimate sentence. The subsequent affirmative response by Zimmerman and his attorney reflects no affirmative under-

maximum exposure for the armed robbery charge to be twenty years, but failed to mention anything regarding the repeater charge and its possible consequences. Zimmerman's counsel stated at the plea hearing that she assumed that the repeater charge was going to be dismissed.

It is true that Zimmerman did admit to being convicted of aggravated battery in Texas in 1983 and did admit to the facts as stated in the criminal information. However, at no time did Zimmerman admit that the prior conviction was less than five years from the date. of the present conviction. Further, he was never asked about his confinement, and there was no admission by Zimmerman to a period of incarceration that would bring his 1983 conviction within the five-year statutory period. Therefore, we cannot conclude that Zimmerman gave a direct and specific admission to facts necessary to establish the repeater penalty enhancer.

Since there was no valid admission, we must next consider whether the State adequately proved that the prior conviction occurred within five years preceding the commission of the crime for which he was being sentenced. The only evidence offered by the State was its allegation in the criminal information, which charged that Zimmerman was previously convicted of a felony in Texas "on or about 11-09-83 being released on 3-28-91." The State argues that a "common sense" reading of the language in the information suggests that Zimmerman was incarcerated from the time of his conviction on November 9, 1983, until his release on March 28, 1991. We disagree.

standing with regard to the repeater allegation and its consequences.

Under § 939.62(2), STATS., time which the defendant spent in actual confinement is excluded in computing the preceding five-year time period. In this case, because the date of the prior conviction was 1983, nine years prior to the present offense, it is essential to determine what period of time, if any, Zimmerman was actually incarcerated. Neither the State nor the trial court made any inquiry into Zimmerman's actual period of confinement. The fact that he was "released" in 1991 is not dispositive because it fails to take into account whether Zimmerman was ever placed on probation or paroled following the conviction. Therefore, we reject the State's "common sense" reading of "released on 3-28-91" to mean the same as "incarcerated until 3-28-91." When considering important due process concerns, we cannot accept common sense readings as a substitute for more exacting requirements of proof. We also conclude that resort to such common sense readings should be unnecessary.

We have recently stressed the importance of following the requirements of § 973.12(1), STATS., due to the increasing number of cases on appeal concerning the procedural irregularities for repeater convictions. *See Coolidge*, 173 Wis. 2d at 795-96, 496 N.W.2d at 707-08. The State must make a specific allegation of the preceding conviction and incarceration dates so as to permit the court and the defendant to determine whether the dates are correct and the five-year statutory time period is met. In the alternative, the trial court may obtain a direct and specific admission from the defendant. In addition to asking the question "whether the defendant was convicted on a particular date of a specific crime," *see Farr*, 119 Wis. 2d at 659, 350 N.W.2d at 645, the trial court could simply ask the

follow-up question "what period of time was the defendant incarcerated as a result of the conviction."

In sum, we conclude that the trial court improperly imposed the five-year penalty enhancer under § 939.62, STATS., because the State failed to show that the prior conviction occurred within the previous five years and Zimmerman did not admit to such facts. Section 973.13, STATS., provides that where a court imposes a maximum penalty in excess of that permitted by law, the excess portion of the sentence is void. *Wilks*, 165 Wis. 2d at 112, 477 N.W.2d at 637. In such a case, the sentence shall be commuted without further proceedings to the maximum permitted by the law. *Id.* Therefore, we commute Zimmerman's sentence to twenty years, the maximum permitted for the charge of armed robbery. All other provisions of the sentence are confirmed. Upon remand, the court is directed to enter an amended judgment of conviction accordingly.

*By the Court.*—Judgment affirmed in part and reversed in part; order reversed and cause remanded with directions.