STATE of Wisconsin, Plaintiff-Respondent,

v.

Jeffrey Lee THERIAULT, Defendant-Appellant.

Court of Appeals

*No. 93–3443–CR. Submitted on briefs July 6, 1994.—Decided August 17, 1994.*

(Also reported in 522 N.W.2d 254.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Jack E. Schairer*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general and *Mary V. Bowman*, assistant attorney general.

Before Anderson, P.J., Brown and Nettesheim, JJ.

ANDERSON, P.J. This case again requires us to consider the obligation on the State when it alleges that a defendant is a habitual criminal. We conclude that when the State is put on notice that a defendant does not admit to the habitual criminality allegation, it must provide proof beyond a reasonable doubt of the defendant's repeater status. We also hold that the notation of a judgment of dismissal on the judgment of convictions fulfills the elementary requirement that every case must have written documentation of the disposition of each count charged.

Jeffrey Lee Theriault was facing multiple felony and misdemeanor counts arising out of the daylight burglary of a residence in Walworth County when he entered into a plea agreement with the State. The parties' agreement was that Theriault would plead guilty or no contest to one count of armed burglary, § 943.10(1)(a) and (2)(a), STATS., one count of operating a motor vehicle without the owner's consent (OMVWOC), § 943.23(3), STATS., and one count of resisting an officer, § 946.41(1), STATS. In exchange for the plea, the State would dismiss ten other counts that would not be considered read-ins, the parties would

127

jointly request a presentence investigation (PSI), and the parties would be free to argue the length of any sentence.

The information also alleged that "invoking the provisions of Sec. 939.62(1)(c), Wis. Stats., the defendant is a repeater in that he was convicted of the felony crime of Felon Possessing a Firearm on March 20, 1987, and the penalty is enhanced . . .." In anticipation of a plea hearing, Theriault completed a guilty plea questionnaire with the assistance of his attorney. In the questionnaire, Theriault admitted that there was a factual basis for the three crimes he was pleading to. The questionnaire did not contain any admission as to Theriault's prior convictions or repeater status.

At the plea hearing, the trial court asked Theriault questions directed at the plea questionnaire and his general background. The trial court asked if Theriault understood the maximum penalty for each count:

> THE COURT: Mr. Theriault, you understand with regard to count one, the armed burglary, you face a maximum of up to thirty years in prison?
>
> THE DEFENDANT: Yes, that's my understanding.
>
> THE COURT: And you—And that with regard to count seven [OMVWOC], you face a maximum of eight years imprisonment, up to a $10,000 fine?
>
> THE DEFENDANT: Yes, I understand that.
>
> THE COURT: And with regard to count ten, resisting, you face a maximum of three years imprisonment and up to a $10,000 fine?
>
> THE DEFENDANT: Yes, I do.
>
> THE COURT: And you understand that I could sentence you up to those maximums?

THE DEFENDANT: Yes, that is my understanding at this point.

THE COURT: Now do you have any question of that—concerning that, Mr. Theriault?

THE DEFENDANT: Yes. I would make some objection to the sentences that the Court has outlined. These sentences as you have stated them are the enhanced penalties. And as far as I'm concerned, there's been no showing of any previous criminal record in my behalf at this point and it might be a matter to take up with the sentencing hearing. However, I make no admissions regarding that.

THE COURT: I'm only asking you if you understand that's what I can sentence you to?

THE DEFENDANT: In light of what I've said, yes.

At this stage, the prosecutor stated that he would make a certified copy of Theriault's last judgment of conviction from Jefferson County available to the author of the PSI. The prosecutor no doubt anticipated that the author could file the certified judgment of conviction at the court's request.

Theriault's trial counsel then told the trial court, "And secondly, with the comments [Theriault] made regarding the penalties, what they are pursuant to statute I understand there may be some other allegation but it may be somebody else's burden of proof."

The PSI cataloged a lengthy criminal record dating back to 1972. The PSI also described a sentence imposed in Jefferson County in 1986; however, it did not set forth specific information as to the date of conviction, date of incarceration or date of release from custody. The trial court found that the PSI was inadequate, stating "I take this opportunity just to say to the

person who wrote this probation report . . . basically thanks for nothing. This is really a lousy presentence investigation—completely unhappy. Did nothing to give me any guidance."

At sentencing the trial court imposed a twenty-five year sentence on the armed burglary charge concurrent to any time being served by Theriault; consecutive prison time was imposed on the other two counts but stayed and Theriault was placed on ten years of probation consecutive to the prison term for armed burglary. The judgment of convictions also contained a notation that ten enumerated counts were dismissed.

Theriault filed a motion for relief under RULE 809.30, STATS., seeking a reduction of the enhanced penalties on the grounds that the repeater portions of the sentence were not authorized by law because he had not admitted to the prior conviction and the State had failed to prove the prior conviction. He also sought to have the judgment of convictions amended by striking the notations as to the ten dismissed counts.

The trial court denied the motion as to the enhanced penalties by order dated December 9, 1993, finding that at the plea hearing Theriault was fully aware of what was alleged in the complaint and the potential penalties and that at sentencing Theriault admitted to the prior conviction. The court characterized as an admission a statement in which Theriault accepted responsibility for his past behavior and "the crimes that I'm accused of here today," along with Theriault's admission, "I do admit to having done the crimes that I'm accused of." The trial court also denied Theriault's motion to amend the judgment of convictions in a separate order dated December 15, 1993, finding that the notations served as the required legal judgment of dismissal.

■

The first issue is whether the penalty enhancer imposed was void as a matter of law. To answer this question, we must apply §§ 939.62 and 973.12, STATS., to an undisputed set of facts. *See State v. Zimmerman*, 185 Wis. 2d 549, 554, 518 N.W.2d 303, 304 (Ct. App. 1994). This is a question of law that we review de novo and we do not owe any deference to the decision of the trial court. *See id.*

On appeal, Theriault contends that the State failed to carry the burden in proving that he was a habitual criminal subject to the enhanced penalties. The State does not respond directly to Theriault's argument; rather, relying on *State v. Rachwal,* 159 Wis. 2d 494, 465 N.W.2d 490 (1991), the State frames the issue as whether Theriault's no contest plea constitutes an admission of his repeater status.

■

We have recently rejected the State's argument that a guilty plea always constitutes an admission to a repeater allegation that relieves the State of its burden of proving the underlying conviction. In *Zimmerman*, we pointed out that the *Rachwal* court "expressly recognized that a guilty plea may not constitute an admission if the judge fails to conduct the proper questioning so as to ascertain the meaning and potential consequences of such a plea." *Zimmerman*, 185 Wis. 2d at 555, 518 N.W.2d at 305. Because *Rachwal* discusses the effect of both a guilty plea and a no contest plea, *Rachwal*, 159 Wis. 2d at 509, 465 N.W.2d at 496, we adopt our discussion in *Zimmerman* to those situations where a defendant enters a no contest plea.

Unlike the situation in *Zimmerman,* there was no confusion in this case as to the nature of the plea agreement. Also, unlike the defendant in *Zimmerman,*

131

Theriault did not expressly admit to a prior conviction; in fact, at the plea hearing Theriault left no doubt that he was disputing the State's allegation that he was a habitual criminal. He put the trial court and the State on notice that his repeater status would have to be proven at sentencing.

*Rachwal* sets forth the procedure that a trial court must follow when a defendant does not admit to prior convictions.

> In such a case . . . the trial judge might instead seek an admission such as that specifically prescribed in *Farr*. If the defendant makes no admission whatsoever, the state is required by § 973.12, Stats., to provide proof as to the defendant's repeater status as alleged in order for the trial court to sentence the defendant as a repeater.

*Id.* at 512, 465 N.W.2d at 497. As we have already concluded, Theriault never made an admission to a direct question from the trial court inquiring if he had been convicted of a felony on a particular date. *See State v. Farr,* 119 Wis. 2d 651, 659, 350 N.W.2d 640, 645 (1984). Therefore, it became the State's obligation to prove Theriault's prior conviction before the trial court could impose an enhanced sentence as a repeater. The record is lacking any evidence to support a finding that Theriault is a habitual criminal as defined in § 939.62(2), STATS., and we conclude that the repeater portions of his sentences were not authorized by law and reverse the repeater portions of the sentences.[1]

---

[1] We are not unmindful of the sometimes overwhelming obligations placed upon the prosecutors of this state. In many cases the prosecutors face a time consuming and difficult task in preparing and presenting evidence to trial courts on compli-

Accordingly, we also reverse the trial court's December 9, 1993 order denying Theriault's motion for postconviction relief related to the repeater issue.

Section 973.13, STATS., provides that where a penalty is imposed in excess of that permitted by law, the excess portion of the sentence is void and the sentence is commuted without further proceedings. Therefore, we commute Theriault's sentence to the maximum permitted for each charge: (1) on the charge of armed burglary the sentence is reduced to twenty years; (2) on the charge of OMVWOC the sentence is reduced to two years; and (3) on the charge of resisting an officer the sentence is reduced to nine months. All other provisions of the sentences are confirmed. Upon remand, the court is directed to enter an amended judgment of convictions accordingly.

Theriault also argues that the court erred in refusing to amend the judgment of convictions to delete references to the dismissed counts. The ten dismissed charges were not read in at sentencing. Theriault contends that the notations will prejudice him in the

---

cated criminal enterprises. However, proving a defendant's status as a habitual criminal is neither difficult nor time consuming. We are at a loss to understand the failure of many prosecutors to be ready and able to prove that a defendant standing before the bar of justice was convicted of one felony or three misdemeanors within the five years immediately preceding the date of commission of the current crime the defendant is charged with committing. A prosecutor must be confident that the State can muster evidence on each element of a crime to prove the defendant guilty beyond a reasonable doubt before charging the crime. Likewise, the prosecutor must be equally confident that the State can prove a defendant's prior conviction or sentence beyond a reasonable doubt before alleging that a defendant is a habitual criminal.

future because they will be a "flag" to the correctional officials that he was originally charged with many other serious crimes. Theriault's brief additionally asserts: "Mr. Theriault entered the plea agreement specifying that the dismissed charges not be read-in precisely so that they would not appear in his prison records, and specifically on the judgment of conviction."

Section 972.13(1) and (3), STATS., provides that judgments of conviction and acquittal shall be entered in the defendant's case. The statute does not address dismissals; however, it is elementary that each case must have documentation addressing the disposition of every charge pending against the defendant in that case. It must be apparent from a reading of the record that all counts are resolved in some fashion—whether by conviction, acquittal or dismissal.

A "cleaner" and probably better practice would be to have separate documents for acquittals, convictions and dismissals.[2] However, we see no harm in placing the notation of dismissal on the judgment of conviction. Theriault's argument that the dismissed charges are a "flag" to the department of corrections of more serious charges is not persuasive. The department of corrections would not know why they were dismissed—whether it was pursuant to a plea bargain, lack of evidence or other factors. The department and the parole commission already know that a large percentage of prisoners plead to lesser charges and have

---

[2] The Records Management Committee of the Wisconsin Court Systems should prepare uniform judgment of dismissal forms for use of the Clerk of Courts. Immediately upon resolution of a pending criminal case, the clerk of courts' office should prepare all the necessary judgments to document the disposition of each count.

more serious charges dismissed. They also know many of the underlying facts related to the incident through the presentence investigation. It would be a rare case, if ever, that the additional information of a dismissal of a greater charge would be a surprise to corrections officials. Accordingly, we cannot say that this information is prejudicial to Theriault and we affirm the trial court's order dated December 15, 1993 denying Theriault's motion for postconviction relief in this regard.

*By the Court.*—Judgment affirmed in part, reversed in part and cause remanded with directions; order affirmed; and order reversed.