STATE of Wisconsin, Plaintiff-Respondent,

v.

Anthony J. WAGNER, Defendant-Appellant.†

Court of Appeals

*Nos. 94–0978–CR, 94–0979–CR, 94–0980–CR. Submitted on briefs December 1, 1994.—Decided January 31, 1995.*

(Also reported in 528 N.W.2d 85.)

†Petition to review denied.

323

324

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Christopher Lowe* of *Lowe Law Offices, S.C.*, of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *Sharon Ruhly*, assistant attorney general.

Before Wedemeyer, P.J., Sullivan and Fine, JJ.

FINE, J. Anthony Wagner appeals his conviction of two counts of attempted first-degree sexual assault, *see* § 940.31(1)(a), STATS., one count of kidnapping while armed, *see* §§ 940.31(1)(a) and 939.63(1), STATS., and one count of attempted kidnapping while armed, *see* §§ 940.31(1)(a), 939.32 and 939.63(1), STATS. He raises four issues for our review: (1) whether what he calls the "slight movement" of his victims in the same building constitutes kidnapping under § 940.31(1)(a); (2) whether the trial court erred in admitting "other acts" evidence under RULE 904.04(2), STATS.; (3) whether there was sufficient evidence presented at trial to convict him; and (4) whether the trial court

erroneously exercised its discretion in sentencing him to a prison term of seventy-two years. We affirm.

## I.

Wagner accosted Candace I. on October 24, 1990, in a laundromat at 3910 North 76th Street in Milwaukee. He approached her from behind, put a gun to her right side, and tried to force her into the bathroom a few feet away. She struggled and escaped. On June 11, 1991, Wagner accosted Megan M. in a laundromat at 10440 West Silver Spring Drive in Milwaukee. As with Candace I. eight months earlier, he approached her from behind and put a gun to her right side. This time, however, he was able to force his victim into the laundromat's bathroom. While in the bathroom, Megan M. refused his demand that she remove her clothes. After a struggle, she escaped.

## II.

■

A. *Asportation.*

Section 940.31(1)(a), STATS. (1991-1992), provides:

(1) Whoever does any of the following is guilty of a Class B felony:
(a) By force or threat of imminent force carries another from one place to another without his consent and with intent to cause him to be secretly confined or imprisoned or to be carried out of this state or to be held to service against his will.[1]

---

[1] This provision was amended into sex-neutral language by 1993 Wis. Act 486, § 586, effective June 11, 1994.

Whether the forced movement of a person from one room to another in the same building satisfies the "carries another from one place to another" element of § 940.31(1)(a) is a question of first impression in Wisconsin. On our *de novo* review, *see State v. Theriault*, 187 Wis. 2d 125, 131, 522 N.W.2d 254, 257 (Ct. App. 1994) (application of statutes to undisputed facts is a legal issue that we review *de novo*), we conclude that it does.

Although under the common law, kidnapping "was the forcible abduction of a person from one country to another," the focus of modern-day kidnapping statutes is generally on the harm caused by the confinement. *United States v. Garcia*, 854 F.2d 340, 343 (9th Cir. 1988), *cert. denied*, 490 U.S. 1094. The confinement, however, "need not exist for any particular length of time." *Lange v. Young*, 869 F.2d 1008, 1010 (7th Cir. 1989) (applying Wisconsin law), *cert. denied*, 490 U.S. 1094. By the same token, the critical aspect of the asportation element is "not the distance the victim is transported but the unlawful compulsion against the will to go somewhere." *State v. Williams*, 526 P.2d 1244, 1246 (Ariz. 1974) (forced movement from one room to another within house). *See also Ellis v. State*, 440 S.E.2d 235, 239 (Ga. 1994) (forced movement of victim "from her den to her bedroom was sufficient evidence" to support defendant's kidnapping conviction); *Burton v. State*, 426 A.2d 829, 833 (Del. 1981) (kidnapping found where "defendant forced the victim to move from room to room"); *Eckert v. Sheriff, Clark County*, 557 P.2d 1150, 1151 (Nev. 1976) ("it is enough, to support the kidnapping charges, that the victims were forcibly moved only a short distance within the house"). Here, Wagner forced Megan M. from an area of

328

the laundromat that was open to public view into the bathroom—an area that was hidden from the public. There, according to the evidence that the jury could believe, he intended to sexually assault her, thus satisfying the "[holding] to service against [her] will" element of the statute. *See State v. Clement*, 153 Wis. 2d 287, 292–295, 450 N.W.2d 789, 790-792 (Ct. App. 1989) ("sexual assault is within the scope of 'service against her will' "). This analysis also applies to Wagner's conviction for attempted kidnapping, where his efforts to force Candace I. into the bathroom were thwarted by her escape.

Section 939.32(3), STATS., provides:

> An attempt to commit a crime requires that the actor have an intent to perform acts and attain a result which, if accomplished, would constitute such crime and that he does acts toward the commission of the crime which demonstrate unequivocally, under all the circumstances, that he formed that intent and would commit the crime except for the intervention of another person or some other extraneous factor.

A victim's successful resistance to a kidnapping is an "extraneous factor." *Clark v. State*, 92 Wis. 2d 617, 636-637, 286 N.W.2d 344, 352 (1979) (attempted kidnapping found where defendant "was prevented from carrying out the [kidnapping] by circumstances beyond his control, namely, the victim's resistance"). In this case, the "extraneous factor" that prevented Wagner from kidnapping Candace I. on October 24, 1990, was her escape.

B. *"Other acts" evidence.*

Wagner argues that the trial court erred in admitting "other acts evidence" under RULE 904.04(2), STATS. RULE 904.04(2) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. This subsection does not exclude the evidence when offered for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The decision to admit evidence under RULE 904.04(2) is within the trial court's sound discretion, *State v. Pharr*, 115 Wis. 2d 334, 342, 340 N.W.2d 498, 501 (1983), and will not be upset on appeal if the decision has a reasonable basis in the evidence and was made in accordance with accepted legal principles, *State v. Jenkins*, 168 Wis. 2d 175, 186, 483 N.W.2d 262, 265 (Ct. App. 1992), *cert. denied*, 113 S. Ct. 608. The proponent of the evidence has the burden to show that it is relevant to an issue other than propensity. *State v. Speer*, 176 Wis. 2d 1101, 1114, 501 N.W.2d 429, 433 (1993). Once that burden has been met, the evidence is admitted unless the opponent can show that the probative value of the other crimes evidence is "substantially outweighed by the danger of unfair prejudice," RULE 904.03, STATS. *See* Speer, 176 Wis. 2d at 1114, 501 N.W.2d at 433.

The State called a witness who testified that Wagner attacked her in a laundromat in July of 1992. She testified that Wagner, who did not have a gun, forced her into the laundromat's bathroom and sexually assaulted her. In denying Wagner's motion *in limine* to exclude that testimony, the trial court ruled that the

evidence was relevant not only to "identification, which is the issue in this case, but also as to a common plan or scheme and motive." The trial court also noted that merely because the defendant was "not contesting those, that doesn't mean that the State doesn't have to prove it."[2] The trial court also determined that the "probative value" of the other crimes evidence "clearly outweigh[ed] the danger of unfair prejudice."[3]

We agree that the similarity of the incidents is probative of the identity of who attacked the two victims in this case. *See Whitty v. State*, 34 Wis. 2d 278, 292, 149 N.W.2d 557, 563 (1967) (evidence of other crimes is admissible when probative of, *inter alia*, identity), *cert. denied*, 390 U.S. 959. The trial court acted well within the scope of its discretion.

C. *Sufficiency of the evidence.*

Wagner argues that there was insufficient evidence presented at trial to convict him. We disagree.

[I]n reviewing the sufficiency of the evidence to support a conviction, an appellate court may not substitute its judgment for that of the trier of fact unless the evidence, viewed most favorably to the

---

[2] The trial court correctly noted that the State may introduce evidence relevant to an issue that it must prove even though the defendant does not contest that issue. *See Estelle v. McGuire*, 502 U.S. 62, 69-70 (1991).

[3] The trial court thus imposed upon the defendant a lower burden than provided for by RULE 904.03, STATS., which, as noted, requires exclusion of otherwise admissible evidence if the probative value of that evidence is "substantially outweighed by the danger of unfair prejudice."

331

state and the conviction, is so lacking in probative value and force that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt. If any possibility exists that the trier of fact could have drawn the appropriate inferences from the evidence adduced at trial to find the requisite guilt, an appellate court may not overturn a verdict even if it believes that the trier of fact should not have found guilt based on the evidence before it.

*State v. Poellinger*, 153 Wis. 2d 493, 507, 451 N.W.2d 752, 757-758 (1990) (citation omitted). Both victims in this case identified Wagner in a lineup before trial as their assailant. Although Wagner argues that there were significant differences between his appearance and the victims' descriptions of their attacker, it is the function of the trier of fact, however, and not of an appellate court, to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id.*, 153 Wis. 2d at 506-507, 451 N.W.2d at 757.

D. *Sentence.*

Wagner argues that the trial court erroneously exercised its discretion in sentencing Wagner to a seventy-two year prison term. Sentencing is within the trial court's discretion and will only be overturned if there is an erroneous exercise of discretion or if discretion is not exercised. *Ocanas v. State*, 70 Wis. 2d 179, 183 184, 233 N.W.2d 457, 460 (1975). The exercise of discretion contemplates a process or reasoning based on facts that are of record or that are reasonably derived by inference from the record, and a conclusion based on a logical rationale founded upon proper legal standards. *Id.*, 70 Wis. 2d at 185, 233 N.W.2d at 461.

Thus, a court may impose a sentence within the limits set by statute, *ibid.*, if it considers appropriate factors.

The primary factors to be considered in imposing sentence are the gravity of the offense, the character of the offender, and the need for protection of the public. *Elias v. State*, 93 Wis. 2d 278, 284, 286 N.W.2d 559, 561 (1980). If the trial court exercises its discretion based on the appropriate factors, a particular sentence will not be reversed unless it is "so excessive and unusual and so disproportionate to the offense committed as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances." *Ocanas*, 70 Wis. 2d at 185, 233 N.W.2d at 461. "The weight to be given each factor is within the discretion of the trial court." *State v. Wickstrom*, 118 Wis. 2d 339, 355, 348 N.W.2d 183, 192 (Ct. App. 1984).

After reviewing the record, we are satisfied that the trial court properly exercised its discretion in sentencing Wagner to a term of seventy-two years out of a possible ninety-four years. The trial court considered the primary factors. It correctly characterized Wagner's crimes as "pretty horrible," noting that they were "some of the most serious that one person can commit against another." The trial court also considered the need to protect society against Wagner, whom it called "a predator in this community." Further, the trial court recognized Wagner's need to accept responsibility for his actions.

*By the Court.*—Judgment affirmed.