STATE of Wisconsin, Plaintiff-Respondent,

v.

Thomas William KOEPPEN, Defendant-Appellant.†

Court of Appeals

*No. 94–2386–CR. Submitted on briefs March 16, 1995.—Decided May 31, 1995.*

(Also reported in 536 N.W.2d 386.)

†Petition to review denied.

119

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Rex R. Anderegg of Anderegg Law Office* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *William J. Roach,* assistant district attorney, Waukesha.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

NETTESHEIM, J. Thomas William Koeppen appeals from a judgment of conviction for bail jumping and disorderly conduct pursuant to §§ 946.49(1)(a) and 947.01, STATS., and from an order denying postconviction relief. Koeppen was sentenced as a repeat offender pursuant to §§ 939.62(2) and 973.12(1), STATS.[1]

Koeppen raises two appellate issues: (1) the trial court improperly allowed a midtrial amendment to the criminal information, and (2) the trial court improperly employed judicial notice to establish his repeater status. We hold that the court properly allowed the amendment. Therefore, we affirm that portion of the judgment reciting Koeppen's convictions. However, because Koeppen's prior convictions were not properly established at the sentencing hearing, we hold that the court erred by later judicially noticing the convictions at a postsentencing hearing. We therefore reverse the repeater portions of the sentences and commute them to the maximum permitted for the underlying offenses.

---

[1] Koeppen was convicted on October 12, 1993, before §§ 939.62(2) and 973.12(1), STATS., were amended by 1993 Wis. Act 486, § 584 and 1993 Wis. Act 289, § 13, respectively. Therefore, all references to §§ 939.62(2) and 973.12(1) are to the 1991-92 edition of the Wisconsin Statutes.

Section 973.12(1), STATS., provides in part:

Whenever a person charged with a crime will be a repeater as defined in s. 939.62 if convicted, any prior convictions may be alleged in the complaint, indictment or information or amendments so alleging at any time before or at arraignment, and before acceptance of any plea. . . . If such prior convictions are admitted by the defendant or proved by the state, he shall be subject to sentence under s. 939.62 unless he establishes that he was pardoned on grounds of innocence for any crime necessary to constitute him a repeater.

We remand for entry of a judgment reflecting the proper sentences.

## THE AMENDMENT TO THE BAIL JUMPING CHARGE

The charges in the criminal complaint alleged charges of intentionally causing bodily harm to a child, battery, disorderly conduct and bail jumping. The charges grew out of a domestic altercation on July 8, 1993, involving Koeppen and his family.

The factual portion of the complaint in support of the bail jumping charge stated that Koeppen had violated the conditions of bail in a prior case numbered "2239"; that Koeppen had been released on bail pending sentencing in that case on April 7, 1993; and that the conditions of bail in that case included that he "not commit any further crimes or engage in criminal activity and that he should not directly or indirectly threaten, harass, intimidate or otherwise interfere with the victims or witnesses in the case." The State's theory of prosecution was that Koeppen's commission of the other charges alleged in the complaint also constituted a violation of those conditions of bail.

Following preliminary hearing, Koeppen was bound over on the felony charge, and the information realleged all the offenses stated in the complaint.

During the ensuing trial, the State desired to introduce evidence of Koeppen's consumption of alcohol in conjunction with the incidents involving the bail jumping charge. The State noted that in addition to Koeppen's release on bail on April 7, 1993, in case number 2239, he had also been released on bail pending sentencing the same day in a companion case numbered "2315." In that case, the court had imposed a condition of bail that Koeppen was not to consume any

alcoholic beverages. The State sought leave to amend the information to include case number 2315 and its attendant condition of bail.

Koeppen objected to the amendment because case number 2315 and the condition of bail related to that case had not been alleged in the complaint or the information. The trial court granted the amendment and allowed the State to present evidence of Koeppen's consumption of alcohol.

On appeal, Koeppen argues that the trial court misused its discretion by allowing the amendment to the information. He claims that this action allowed the State to unfairly broaden the factual basis for the bail jumping charge and required him to defend against conditions of bail different from those specifically enumerated in the complaint. As such, Koeppen contends that he did not have sufficient notice of the charge against him.

The purpose of the charging document is to inform the accused of the acts he or she allegedly committed and to enable him or her to understand the offense charged so as to prepare a defense. *See State v. Wickstrom*, 118 Wis. 2d 339, 348, 348 N.W.2d 183, 188 (Ct. App. 1984). At trial, a court may allow amendment of a complaint, indictment or information to conform to the proof where the amendment is not prejudicial to the defendant. Section 971.29(2), STATS. When an amendment to the charging document does not change the crime charged, and when the alleged offense is the same and results from the same transaction, there is no prejudice to the defendant. *State v. Gerard*, 189 Wis. 2d 505, 517 n.9, 525 N.W.2d 718, 722 (1995).

We conclude that Koeppen was not prejudiced by the trial court's allowance of the amendment. While case number 2315 and the condition of bail that Koeppen not consume alcoholic beverages were not specifically recited in the original complaint and information, Koeppen's consumption of alcohol was part and parcel of the events of July 8, 1993, which formed the basis of all the charges alleged in the information, including the bail jumping charge. Thus, the original complaint and information fairly informed Koeppen that his entire conduct related to the events of that day were under scrutiny, particularly as to the bail jumping charge. The amendment did not alter the transaction under scrutiny.

Our conclusion is reinforced by the fact that the condition of bail in case number 2315 was imposed on the very same day as those in the companion case which was recited in the complaint, and by the fact that the State's intention to proceed under case number 2315 as a further basis for the bail jumping charge was made known to Koeppen in various pretrial proceedings.

We hold that the trial court did not misuse its discretion in allowing the amendment to the information.

## THE REPEATER SENTENCE

In the criminal complaint, the State charged Koeppen as a repeat offender pursuant to § 939.62(2), STATS., based on his alleged June 18, 1991, convictions for three misdemeanors.[2]

[2] The jury acquitted Koeppen of the battery-related charges. However, he was convicted of bail jumping in violation

At sentencing, the prosecutor stated his belief that Koeppen was not contesting the 1991 convictions that were alleged in the complaint. Koeppen's attorney advised that Koeppen was not contesting the three convictions, but additionally stated: "We will reserve the right to contest whether or not these actually constitute a substantial basis for the repeater or habitual criminality finding." During the sentencing hearing, the trial court did not personally question Koeppen about the prior convictions or obtain an admission from Koeppen regarding the three prior convictions. Nor did the State offer formal proof of the repeater allegations.

Nevertheless, the trial court sentenced Koeppen as a repeater for both convictions, imposing concurrent three-year sentences of imprisonment. The court stayed the sentences and placed Koeppen on probation for a maximum period of three years. As a condition of probation, the court ordered Koeppen to serve ninety days in the county jail under the Huber law.[3]

On May 17, 1994, Koeppen filed a postconviction motion contending that the repeater convictions had not been properly proven at the sentencing hearing. He asked that his imposed and stayed sentences be commuted to the maximum terms permitted for the underlying offenses. At the hearing on Koeppen's motion, the trial court acknowledged that Koeppen had not personally admitted to the repeater convictions and that the State had not offered competent proof of them. However, the court concluded that because the convictions came from another branch of the Waukesha County Circuit Court, the court could take judicial notice of the judgments. Accordingly, the trial court

of § 946.49(1)(a), STATS., and disorderly conduct in violation of § 947.01, STATS.

[3] Section 303.08, STATS.

denied Koeppen's postconviction motion and upheld the enhanced penalties for both sentences. Koeppen appeals.

■

Our review of the trial court's use of penalty enhancers requires us to apply §§ 939.62 and 973.12, STATS., to the undisputed facts of this case. *See State v. Theriault*, 187 Wis. 2d 125, 131, 522 N.W.2d 254, 257 (Ct. App. 1994). Whether the penalty enhancers are void as a matter of law presents a question of law for our independent review. *Id.*

Section 939.62(2), STATS., provides that a defendant is a repeater:

> if he was convicted of a felony during the 5-year period immediately preceding the commission of the crime for which he presently is being sentenced, or if he was convicted of a misdemeanor on 3 separate occasions during that same period, which convictions remain of record and unreversed.[4]

A defendant charged as a repeater is subject to an enhanced penalty under § 939.62 for a present crime "[i]f such prior convictions are admitted by the defendant or proved by the state." Section 973.12(1), STATS.

On appeal, the parties initially debate whether repeater allegations can be proven by judicial notice. We do not reach this question because, even assuming

---

[4] Section 939.62(2), STATS., speaks of conviction of a misdemeanor on "3 separate occasions." In this case, the complaint against Koeppen alleged a conviction of three misdemeanors on June 18, 1991. A conviction of a misdemeanor on three separate occasions only requires convictions of three prior misdemeanors, not three separate court appearances. *State v. Wittrock*, 119 Wis. 2d 664, 674, 350 N.W.2d 647, 652-53 (1984).

that such form of proof is acceptable, in this case it came too late.

When the trial court addressed the repeater allegations at the sentencing hearing, Koeppen's trial attorney informed the court that "the actual [prior] convictions that are set forth are correct." However, an admission of prior convictions as required by § 973.12(1), STATS., may not "be inferred nor made by [a] defendant's attorney, but rather, must be a direct and specific admission by the defendant." *State v. Farr*, 119 Wis. 2d 651, 659, 350 N.W.2d 640, 645 (1984). Here, it is undisputed that the trial court did not obtain an admission by Koeppen at any time during the sentencing hearing. Consequently, the State had the burden of proving Koeppen's prior convictions. *See* § 973.12(1); *Theriault*, 187 Wis. 2d at 132, 522 N.W.2d at 257. We now move to that question.

At the sentencing hearing, the prosecutor detailed the numerous domestic abuse cases involving Koeppen that had been referred to the district attorney's office. However, the prosecutor did not submit a certified copy of the repeater convictions or an official report specific enough to identify the defendant, the crimes and the date of the convictions. *See Farr*, 119 Wis. 2d at 660, 350 N.W.2d at 645. Moreover, though the State seems to argue to the contrary, there is nothing in the sentencing record to indicate that the prosecutor had the case records of the prior convictions with him or, more importantly, that those files were given to the trial court for review. *See id.* The trial court's remarks at the postconviction motion hearing confirm our reading of the record. The court stated: "[T]he state did not otherwise provide any information or any proof as would

otherwise be approved by [§ 973.12(1), STATS.,] in terms of prior convictions."

Thus, we are left, as was the trial court, with the prosecutor's unsubstantiated allegations of Koeppen's habitual criminality. We agree with the trial court that such remarks do not constitute proof within the meaning of § 973.12(1), STATS., and the case law which has addressed that question.

Because the State did not adequately prove the repeater convictions at sentencing, we move to the question of whether such convictions can later be proven at a postsentencing proceeding. At the postconviction hearing, the prosecutor stated, "I'm prepared at this time to file certified copies of the judgment of convictions supporting the penalty enhancer in this case." The trial court denied this request, stating: "[T]he record is clear that the State did not at the time of sentencing put in or provide any documentary evidence as stated in [§ 973.12(1), STATS.]."

Despite rejecting the State's offer of proof, the trial court then stated:

> However, I'm satisfied under the circumstances all of the noticed and amended convictions occurred in Waukesha county. They were different branches, they were not specifically in Branch 5 but were different branches and I'm satisfied that this Court can take judicial notice of those branches and those orders and judgment and I've done so for the purposes of this proceeding.

At the time of the postconviction hearing, the sentencing obviously was completed. Whether the gap in the sentencing proof was sought to be filled by judicial notice or by the State's production of the certified cop-

128

ies of conviction, the proof came too late. Were this failing merely a clerical error, we would look to see if Koeppen was prejudiced. *See Gerard*, 189 Wis. 2d at 517, 525 N.W.2d at 722. However, a failure of necessary proof cannot be chalked up as mere clerical error. Functionally, the trial court's postsentence taking of judicial notice reopened the sentencing proofs to allow for the belated introduction of essential and substantive proof required at the time of sentencing.

The State contends that the trial court's action was sanctioned by § 902.01(6), STATS., which allows judicial notice to be taken "at any stage of the proceeding." However, that language must be read in its proper context. All phases of a criminal proceeding—be it a motion hearing, preliminary hearing, the trial or the sentencing—must know some closure. The case law recognizes that, in some instances, a request for judicial notice may come too late. *See State v. Jelco*, 1 Wis. 2d 630, 638b, 86 N.W.2d 428, 429 (1957) (per curiam on motion for rehearing); *see also Wildman v. State*, 69 Wis. 2d 610, 614, 230 N.W.2d 809, 812 (1975).

While there may be instances where technical omissions or clerical errors can be supplied after the fact by judicial notice or other forms of acceptable proof, the omission here was not a technical defect. Rather, this was a failure of required substantive proof to support an enhanced sentence. When the State seeks an enhanced sentence based upon a repeater allegation, it must carry the burden to prove that allegation. *See State v. Goldstein*, 182 Wis. 2d 251, 260, 513 N.W.2d 631, 635 (Ct. App. 1994). While a prior conviction is not an element of the charged offense, it is an essential element of proof *to be satisfied at sentencing* if

129

the State is to secure the additional punishment it seeks. *Id.*

We stress that this is not a case where the trial court reviewed the propriety of a sentence previously imposed under misuse of discretion standards. In appropriate circumstances, a sentencing court may review its sentence for misuse of discretion. *See Cresci v. State*, 89 Wis. 2d 495, 504, 278 N.W.2d 850, 854 (1979). In such a case, the sentencing court reviews its sentence *on the basis of a record already made.* However, we know of no authority which permits the court to use such a proceeding to reopen the sentencing proceeding in order to supply additional and essential proofs necessary to sustain the original sentence.

The language of § 973.12(1), STATS., also supports our conclusion that proof of repeater allegations must be presented at the sentencing hearing. The statute reads *"[i]f* such prior convictions are admitted . . . or proved . . ., [the defendant] *shall be subject to sentence* under s. 939.62 . . .." Section 973.12(1) (emphasis added). This language suggests that the proofs must precede the sentence. Here, the prior convictions were neither admitted nor proved before Koeppen was sentenced as a repeater.

We continue to see a steady stream of cases in which the State has failed to properly allege or prove repeater allegations. We have previously observed that while prosecutors face difficult tasks, properly pleading and proving repeater allegations are not among them. *See Theriault*, 187 Wis. 2d at 132 n.1, 522 N.W.2d at 257. We suspect that this matter often receives loose prosecutorial attention because the task is so elementary and is secondary to the State's principal goal of obtaining a conviction on the underlying

charge. However, prosecutors must understand that even though the rules of evidence generally do not apply at a sentencing hearing, *see* § 911.01(4)(c), STATS., the legislature via § 973.12(1), STATS., and the case law applying that statute has reintroduced a degree of formal proof requirements as to repeater allegations.

We conclude that the trial court's use of judicial notice at the postconviction proceeding to prove up Koeppen's prior convictions came too late. We reverse the enhanced sentencing provisions of the judgment and the order denying postconviction relief from those portions of the sentences.

## CONCLUSION

We affirm that portion of the judgment reciting Koeppen's convictions. We reverse the enhanced sentencing provisions of the judgment and the order denying postconviction relief. We commute Koeppen's sentences to the maximums permitted for the two offenses of which he stands convicted. We remand with instructions that the trial court enter an amended judgment in accord with this decision.

*By the Court.*—Judgment affirmed in part, reversed in part; order reversed and cause remanded with directions.