STATE of Wisconsin, Plaintiff-Respondent,

v.

Susan HOLLOWAY, Defendant-Appellant.†

Court of Appeals

*No. 95–2575–CR. Submitted on briefs January 29, 1996.—Decided June 5, 1996.*

(Also reported in 551 N.W.2d 841.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Patrick Donnelly*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Diane M. Nicks*, assistant attorney general.

Before Anderson, P.J., Brown and Nettesheim, JJ.

NETTESHEIM, J. Susan Holloway was originally sentenced as a repeat offender for one count each of prostitution and obstructing an officer. Pursuant to § 973.13, STATS., the trial court commuted the sentences to the maximum permitted for the underlying offenses because the repeater convictions had not been properly proven. However, the court altered the structure of the sentences from concurrent to consecutive. On this appeal, Holloway contends that the trial court lacked authority to restructure the sentences. We reject Holloway's argument and affirm the judgments.

## BACKGROUND

Holloway was charged as a repeater, pursuant to § 939.62, STATS., with one count each of prostitution and resisting or obstructing an officer, contrary to §§ 944.30(1) and 946.41(1), STATS. She pled guilty to the charges. Invoking the repeater penalties, the trial court sentenced Holloway to maximum three-year terms in the state prison. *See* § 939.62(1)(a). The court, however, directed that the sentences be served concurrently.

Holloway filed a postconviction motion challenging the repeater portions of the two sentences. She alleged that the prior convictions were not properly proven at the sentencing. *See* § 973.12, STATS.[1] She asked that her sentences be commuted to the maximum permitted without the repeater enhancers pursuant to § 973.13, STATS.

The trial court agreed with Holloway that the prior convictions had not been properly proven, and that ruling is not before us on appeal. Thus, pursuant to

---

[1] Section 973.12(1), STATS., requires that prior convictions must be admitted by the defendant or proved by the state.

§ 973.13, Stats., the court commuted the sentences to the maximum on each underlying count—nine months' imprisonment. However, the trial court altered the structure of the sentences from concurrent to consecutive. Holloway appeals.

## Discussion

Section 973.13, Stats., provides:

> **Excessive sentence, errors cured.** In any case where the court imposes a maximum penalty in excess of that authorized by law, such excess shall be void and the sentence shall be valid only to the extent of the maximum term authorized by statute and shall stand commuted without further proceedings.

Holloway argues that when the enhanced portion of a repeater sentence is voided pursuant to the above statute, a sentencing court is without authority to amend other aspects of the sentence. She bases this argument on the concluding words of the statute which state that "[the sentence] shall stand commuted without further proceedings." The State responds that restructuring of the sentences was proper because the trial court's dispositional plan was frustrated when the excessive portion of the sentence was voided.

Sentencing is a matter committed to the trial court's discretion. *State v. Wagner*, 191 Wis. 2d 322, 332, 528 N.W.2d 85, 89 (Ct. App. 1995). However, the issue in this case is whether § 973.13, Stats., barred the sentencing court from exercising its discretion. Thus, the question is whether the court correctly interpreted and applied the statute. This presents a question of law for our independent review. *See State v.*

697

*Zimmerman,* 185 Wis. 2d 549, 554, 518 N.W.2d 303, 304 (Ct. App. 1994).

On the issue before us, § 973.13, STATS., is more remarkable for what it does not say than what it does. The statute clearly invalidates the excess portion of an enhanced repeater sentence which is not properly proven. *See Zimmerman,* 185 Wis. 2d at 559, 518 N.W.2d at 306; *see also State v. Theriault,* 187 Wis. 2d 125, 133, 522 N.W.2d 254, 258 (Ct. App. 1994); *State v. Goldstein,* 182 Wis. 2d 251, 260-62, 513 N.W.2d 631, 635-36 (Ct. App. 1994). As such, the statute serves to correct and reduce the *duration* of an improperly imposed enhanced repeater sentence. However, the statute does not otherwise address other components or conditions of the sentence which do not directly bear upon the duration of the term imposed.

Here, Holloway was convicted of separate offenses for which she received separate, discrete sentences. When the sentencing court determined that a portion of each sentence was void, the court did exactly what the statute commanded: it commuted each sentence to the maximum permitted for the underlying offense. However, we see nothing in the statute which bars a sentencing court from addressing other aspects or conditions of the sentence to which the statute does not speak.

At the original sentencing hearing, Holloway's attorney and Holloway herself addressed her history of drug addiction in arguing for probation. In response, the sentencing court acknowledged Holloway's drug addiction problem but also noted that prior probation attempts to address that problem had failed. The court also noted the high HIV risk, both to herself and others, presented by Holloway's extensive prostitution record. The court continued:

She's a 30-year-old individual with multiple prior offenses. She's a repeater for both felonies and misdemeanors including prior prostitutions, prior obstructings. We have tried everything with the lady to no avail. . . . She's playing russian roulette with her own life and with the lives of anyone else she comes in contact with. And that must stop.

. . . .

I want to emphasize that I am not staying these sentences and placing her on probation because I firmly believe that's an exercise in futility. . . . I think she has to be separated from the rest of society and get the treatment that she needs so that we don't see her back in here again or see her down at the funeral home in a casket.

These remarks reveal that the sentencing court was focused on two principal concerns: Holloway's demonstrated need for treatment and the risk which she posed to herself and the public. The court concluded that these two concerns would be adequately addressed by removing Holloway from society for a term of three years. Thus, the court imposed the maximum sentence permitted under the repeater statute, but directed that the sentences be served concurrently.

From this record, it is reasonable to conclude that if the sentencing court had known of the defect in the original sentences, it would have structured the sentences differently to address the court's concerns. The court confirmed this at the resentencing hearing when it said, "The reason I gave [Holloway] time in the state penitentiary was to get her, at the request of her counsel, . . . an opportunity to get treatment. This woman is going to kill herself . . . or someone else."

Sentences are to be individualized to meet the facts of the particular case and the characteristics of

the individual defendant. *See State v. Thompson,* 172 Wis. 2d 257, 265, 493 N.W.2d 729, 733 (Ct. App. 1992). The sentencing court's original sentences in this case served this purpose. The commuted sentences for which Holloway argues, without more, do not serve this purpose. Instead, the sentences would be artificial, as if imposed in a vacuum. We should not restrict the discretionary authority of a court at resentencing when the underlying premise for an original sentence no longer exists. Resentencing is generally the proper method of correcting a sentencing error. *State v. Walker,* 117 Wis. 2d 579, 583-84, 345 N.W.2d 413, 415 (1984); *Grobarchik v. State,* 102 Wis. 2d 461, 470, 307 N.W.2d 170, 175 (1981).

We therefore hold that when a sentence is commuted pursuant to § 973.13, STATS., the sentencing court may, in its discretion, resentence the defendant if the premise and goals of the prior sentence have been frustrated.

Here, at the resentencing, the sentencing court again addressed Holloway's need for treatment and the protection of the public. The court recognized that a county jail setting provided little or no opportunity for treatment of Holloway's addiction. Faced with this dilemma, the court nonetheless determined that the risks which Holloway posed to herself and the public required consecutive sentences for the maximum permitted for the underlying offenses. The weight to be given each sentencing factor is left to the sentencing court's broad discretion. *Thompson,* 172 Wis. 2d at 264, 493 N.W.2d at 732. The sentencing court also has discretion in determining whether sentences imposed in the case of multiple convictions are to run concurrently

or consecutively. *Cunningham v. State,* 76 Wis. 2d 277, 284-85, 251 N.W.2d 65, 68-69 (1977); *see* § 973.15(2), STATS.

We acknowledge that under the restructured sentences in this particular case, Holloway may serve more actual confinement time in the county jail than under the original state prison sentences which offered the prospect of parole. However, such is permitted, in the proper exercise of discretion, when the sentencing court's dispositional plan is frustrated. The court may alter the sentence in order to bring it into conformity with the law and to effectuate the court's intent. *Grobarchik,* 102 Wis. 2d at 473, 307 N.W.2d at 177.

Moreover, the resentencing authority which we accord to a sentencing court in this case allows a court, in the appropriate case and in the proper exercise of discretion, to further ease a sentence already commuted under § 973.13, STATS. As we have noted, the statute requires that the original sentence be commuted to the maximum permitted by law. As such, it stands as a statutory cap on the new sentence. But, as we have already explained, it does not bar the court from revisiting the sentence so long as the new sentence is within that permitted by the law. Thus, the statute is not a one-way street which will always operate to the disadvantage of the defendant. In a different case, it may produce a lighter sentence than the maximum for the underlying offense.

We also reject Holloway's contention that *Theriault* and other cases stand for the proposition that a trial court cannot revisit an illegal sentence because in those cases we ordered all other provisions of the commuted sentences "confirmed." *See Theriault,* 187 Wis. 2d at 133, 522 N.W.2d at 258; *Zimmerman,* 185 Wis. 2d at 559, 518 N.W.2d at 306; *State v. Wilks,* 165 Wis. 2d

102, 112, 477 N.W.2d 632, 637 (Ct. App. 1991); *see also Goldstein,* 182 Wis. 2d at 262, 513 N.W.2d at 636. None of those cases presented the direct issue raised in this case.

In *Zimmerman* and *Wilks,* each of the defendants had committed only one offense and there were no multiple convictions. *See Zimmerman,* 185 Wis. 2d at 552, 518 N.W.2d at 304 (armed robbery); *Wilks,* 165 Wis. 2d at 104, 477 N.W.2d at 633 (party to retail theft). In *Theriault* and *Goldstein,* the court had previously imposed consecutive sentences. *See Theriault,* 187 Wis. 2d at 130, 522 N.W.2d at 256; *Goldstein,* 182 Wis. 2d at 254, 513 N.W.2d at 633. Further, the state in those cases never asked the court to resentence the defendant.

*By the Court.*—Judgments affirmed.