STATE of Wisconsin, Plaintiff-Respondent,

v.

Rickie WILKS, Defendant-Appellant.

Court of Appeals

*No. 90–1852–CR. Submitted on briefs January 16, 1991.—Decided October 16, 1991.*

(Also reported in 477 N.W.2d 632.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Margaret M. Grossmeyer,* of Menomonee Falls.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Paul E. Bucher,* district attor-

ney for Waukesha county and the supplemental brief of *James E. Doyle,* attorney general and *James M. Freimuth,* assistant attorney general.

Before Nettesheim, P.J., Brown and Anderson, JJ.

NETTESHEIM, P.J. Rickie Wilks appeals from the repeater sentencing provisions of a judgment of conviction for party to the crime of retail theft pursuant to secs. 939.05 and 943.50(1m), Stats.

The issue on appeal is whether sec. 973.12(1), Stats., permits the trial court to amend the repeater provisions of a charging document to state a different date for the alleged repeater conviction *after the defendant has pled to the charge.* We conclude that the Wisconsin Supreme Court's decision in *State v. Martin/State v. Robles,* 162 Wis. 2d 883, 470 N.W.2d 900 (1991), precludes such an amendment.[1] Therefore, we reverse the repeater provisions of the sentence and commute the sentence to the maximum on the underlying charge. On remand, we direct the trial court to enter an amended judgment in accord with our commutation.

## I. THE FACTS, THE STATUTE, THE TRIAL COURT'S RULING

The facts are not in dispute. On November 6, 1989, the state filed a criminal complaint charging Wilks with misdemeanor retail theft. The complaint also stated that Wilks had been previously convicted of forgery on May 24, 1986. Thus, the complaint further alleged that Wilks was a habitual criminal and that his sentence could be enhanced by three years. *See* sec. 939.62(1)(a), Stats.

---

[1]The supreme court had not issued its decision in *State v. Martin/State v. Robles,* 162 Wis. 2d 883, 470 N.W.2d 900 (1991), when the trial court sentenced Wilks.

On March 5, 1990, pursuant to a plea agreement, Wilks pled no contest to the retail theft charge.[2] In exchange for Wilks' plea, the state agreed to recommend a sentence of unspecified length to run concurrent with a sentence Wilks was then serving following a probation revocation on an unrelated matter. The state also indicated that if Wilks denied the repeater offense, it would require additional time to obtain a certified copy of the repeater judgment of conviction. Wilks' attorney responded:

> MR. MURRAY: Well, Your Honor, we are prepared to proceed in all respects today, and I would submit to the Court that having had the opportunity to review files in Milwaukee County Circuit Court that no matter how much time the Court accords to the District Attorney's Office to prove by certified copy of the judgment of conviction that is alleged in the complaint he will not be able to produce the same *because it does not exist.* [Emphasis added.]

Following this exchange, the trial court conducted the necessary plea colloquy with Wilks. After the court accepted Wilks' no contest plea and adjudged Wilks guilty, the state requested a continuance for one week to obtain the documentation of Wilks' May 24, 1986 forgery conviction. Wilks' attorney did not object to the continuance request. However, counsel again stated that the Milwaukee county circuit court records did not reflect the repeater conviction.[3] The court granted the state's request to adjourn the sentencing hearing.

[2] Wilks' no contest plea was an "*Alford*" plea pursuant to *North Carolina v. Alford,* 400 U.S. 25 (1970).

[3] We are unable to discern from the record why counsel believed the repeater conviction occurred in Milwaukee county. The complaint does not state the jurisdiction of the repeater conviction.

At the adjourned hearing on March 12, 1990, the state conceded that the May 24, 1986 forgery conviction against Wilks did not exist. Instead, the state sought permission to use a July 3, 1985 forgery conviction as the basis for Wilks' repeater status. Wilks' attorney objected, arguing that the time for amendment to the repeater allegation had expired under sec. 973.12(1), Stats.[4] The court again adjourned the sentencing hearing and took the matter under advisement.

Section 973.12, Stats., provides:

**Sentence of a repeater. (1)** Whenever a person charged with a crime will be a repeater as defined in s. 939.62 if convicted, any prior convictions may be alleged in the complaint, indictment or information or amendments so alleging at any time before or at arraignment, and before acceptance of any plea. The court may, upon motion of the district attorney, grant a reasonable time to investigate possible prior convictions before accepting a plea. If such prior convictions are admitted by the defendant or proved by the state, he shall be subject to sentence under s. 939.62 . . ..

On March 15, 1990, the trial court again took up this matter. The court determined that sec. 973.12(1), Stats., forbids post-plea repeater amendments only when the charging document to which the defendant has pled did not contain a repeater allegation. Since Wilks had pled to a complaint which contained a repeater allegation, the court reasoned that Wilks was not prejudiced. Therefore, the court permitted the amendment.[5]

---

[4]Wilks' attorney also cited *State v. Farr,* 119 Wis. 2d 651, 350 N.W.2d 640 (1984), as authority for his position.

[5]The trial court also ruled that *State v. Farr,* 119 Wis. 2d 651, 350 N.W.2d 640 (1984), did not govern the issue. We agree. The issue in *Farr* was whether the state had sufficiently *proved*

The trial court then proceeded to the sentencing. In keeping with the plea agreement, the state recommended that the trial court impose a sentence of unspecified length to run concurrent with the sentence Wilks was then serving. Wilks requested probation consecutive to the sentence he was then serving. The trial court rejected the state's recommendation and, instead, adopted Wilks' request. The court imposed and stayed a three-year sentence and placed Wilks on probation for two years consecutive to the sentence Wilks was then serving. Although Wilks received a sentence structured as he requested, he nonetheless appeals on the repeater issue.[6]

## II. MARTIN/ROBLES

Following the trial court's ruling and sentencing in this case, the Wisconsin Court of Appeals decided *State v. Martin,* 156 Wis. 2d 399, 456 N.W.2d 892 (Ct. App. 1990), and *State v. Robles,* 157 Wis. 2d 55, 458 N.W.2d 818 (Ct. App. 1990). The Wisconsin Supreme Court accepted both cases on petition for review and then consolidated the cases for purposes of its review.

In *Martin/Robles,* the supreme court identified the issue as "[w]hether a criminal charging document can be

the prior conviction. *See id.* at 652-53, 350 N.W.2d at 642. Here the issue is whether the state has sufficiently *alleged* the prior conviction.

[6]Although the state does not argue waiver, we have considered whether Wilks has waived the right to raise the appellate issue because he did not first seek a sentence modification pursuant to sec. 973.19, Stats. *See State v. Meyer,* 150 Wis. 2d 603, 442 N.W.2d 483 (Ct. App. 1989). However, the issue here is whether the repeater provision of Wilks' sentence is void as a matter of law—not as an abuse of sentencing discretion. We conclude that such an issue does not require a sentence modification request under sec. 973.19.

amended to assert a repeater allegation under sec. 973.12(1), Stats., after a defendant has pleaded not guilty to the underlying charges at arraignment." *Martin/Robles,* 162 Wis. 2d at 888, 470 N.W.2d at 901. After analyzing the statutory history of sec. 973.12(1), Stats., the supreme court affirmed the decisions of the court of appeals that such post-plea amendment was not permitted. The court stated:

> The statutory changes make clear that the legislature has established the time of arraignment and of *any* plea acceptance as the cut-off point after which time a defendant can no longer face exposure to repeater enhancement for the crime set forth in the charging document and pleaded to by the defendant at arraignment . . . .. When the defendant is *asked to plead,* he is entitled to know the extent of his punishment of the alleged crime, which he cannot know if he is not then informed that his prior convictions may be used to enhance the punishment.

*Martin/Robles,* 162 Wis. 2d at 900–01, 470 N.W.2d at 907 (emphasis in original; citation omitted).

On its face, this language is sufficient to preclude the amendment in this case. However, this case differs from *Martin/Robles* in two respects: (1) here Wilks pled no contest, whereas Martin and Robles pled not guilty; and (2) here Wilks pled to a charging document which contained a repeater allegation, whereas Martin and Robles pled to charging documents which contained no repeater allegations. We discuss each of these considerations in turn.

## A. The Plea

██

We conclude that a post-plea repeater amendment is not permitted regardless of the plea which the defendant enters.[7] In barring post-plea repeater amendments, the statute makes no distinction on this basis, nor did the supreme court in *Martin/Robles.* The supreme court declared that the policy behind sec. 973.12(1), Stats., is to satisfy due process by assuring that a defendant meaningfully understands the extent of potential punishment at the time of the plea. *See Martin/Robles,* 162 Wis. 2d at 900–01, 470 N.W.2d at 907. If this principle is at work when a defendant pleads not guilty as in *Martin/ Robles,* it certainly applies with equal, if not greater, force when a defendant pleads guilty.

## B. The Charging Document

The question is much closer as to whether sec. 973.12(1), Stats., bars a post-plea repeater amendment when the charging document to which the defendant pleads contains a repeater allegation. Taken literally, the supreme court's interpretation of the statute in *Martin/ Robles* creates a bright-line rule forbidding *any* post-plea repeater amendments.[8] We conclude, however, that such a reading of *Martin/Robles* takes in more than what the supreme court intended and what the statute, read reasonably, forbids.

---

[7]The state does not assert this ground as a basis for avoiding the bar of the statute. However, since we address the impact of *Martin/Robles* on this case, we choose to address all distinctions between *Martin/Robles* and this case.

[8]The nature of the amendment does not require Wilks to make an argument of such breadth in this case.

We conclude that the supreme court's interpretation of the statute in *Martin/Robles* must be read in conjunction with the statute's policy—a matter which the supreme court also spoke to in *Martin/Robles*. In the foregoing discussion, we have alluded to and implemented this policy—to satisfy due process, the defendant must know the extent of the potential punishment at the time of the plea. *Martin/Robles*, 162 Wis. 2d at 900-01, 470 N.W.2d at 907. We conclude that the amendment in this case fails this test.

The trial court determined that the amendment did not prejudice Wilks because the original complaint put Wilks on notice that he was in jeopardy of an enhanced sentence as a repeater. This reasoning overlooks, however, that while Wilks had notice of a May 24, 1986 forgery conviction, he had no notice of a July 3, 1985 forgery conviction. Wilks entered his no contest plea on the basis of the former—not the latter. The statement of Wilks' attorney at the plea hearing reveals that Wilks entered his plea believing that the state could not prove the May 24, 1986 forgery conviction. He was proved right when the state later acknowledged that the conviction did not exist.

The supreme court has appropriately noted the due process considerations which underpin this portion of the repeater statute. The state's "changing of the rules" after Wilks had pled offends these considerations. Therefore, we reject the trial court's determination that Wilks was not prejudiced by the amendment.[9]

---

[9]As to prejudice, the supreme court's language in *Martin/Robles* again is quite broad. The court stated: "[P]roof of prejudice is an irrelevant consideration under sec. 973.12(1), Stats. The legislature has established a rule." *Martin/Robles*, 162 Wis. 2d at 902, 470 N.W.2d at 908. Again we conclude that this

In conclusion, we read the supreme court's language in *Martin/Robles* to bar post-plea repeater amendments which meaningfully change the basis upon which the defendant assessed the extent of possible punishment at the time of plea. Here we conclude that the basis upon which Wilks pled has been changed by the amendment to the repeater allegation.

In reaching this conclusion, we have also considered that the amendment, instead of alleging a wholly different offense, might merely state a different conviction date for the forgery offense recited in the original complaint. Given the ambiguity, we conclude that the burden lies with the state to plead a repeater allegation with relative clarity and precision. The statute even allows the trial court to grant the state additional reasonable time to investigate possible prior convictions before acceptance of a plea. In light of this accommodation, we properly resolve any ambiguous charging language against the state.

Our interpretation of sec. 973.12(1), Stats., in light of *Martin/Robles,* is also premised upon a commonsense reading of both. If we were to apply *Martin/Robles* literally, no amendment of any kind under any circumstances would be permitted. This, we conclude, would be unreasonable and absurd. We are to avoid such results. *State v. Zielke,* 137 Wis. 2d 39, 51, 403 N.W.2d 427, 432 (1987). Indeed, this case presents an example of such a

language must be read in conjunction with the policy served by sec. 973.12(1). We conclude that the statute bars those post-plea repeater amendments which violate due process by not sufficiently notifying the defendant of the possible punishment at the time of the plea.

result if we were to apply the language of *Martin/Robles* literally. The repeater allegation of the complaint incorrectly states that Wilks' sentence could be enhanced by three years pursuant to sec. 939.62(1)(*b*), Stats. The correct subsection which permits a three-year enhancement is subsection (*a*). A post-plea amendment to correct this repeater misstatement would not have meaningfully changed the basis upon which Wilks entered his plea.[10] Neither the statute nor *Martin/Robles* should be read so narrowly so as to bar such an inconsequential repeater amendment.

## III. THE SENTENCE

The trial court's three-year imposed and stayed sentence constitutes the repeater portion of Wilks' sentence. Section 973.13, Stats., provides that where a court imposes a maximum penalty in excess of that permitted by the law, the excess portion of the sentence is void. *State v. Robles,* 157 Wis. 2d at 64, 458 N.W.2d at 822. In such a case, the sentence shall be commuted without further proceedings to the maximum permitted by the law. *Id.*

Since Wilks was charged with a Class A misdemeanor, the three-year sentence was the maximum permitted by the repeater provisions of the law. We reverse this portion of the sentence as void. We commute this sentence to nine months, the maximum permitted for a Class A misdemeanor. *See* sec. 939.51(1)(a) and (3)(a), Stats. All other provisions of the sentence, including the probation term, are confirmed. Upon remand, the court

---

[10]We direct that the amended judgment to be entered in this case on remand reflect this correction.

is directed to enter an amended judgment of conviction in accord with this decision.

*By the Court.*—Judgment reversed and cause remanded with directions.