107 F.3d 873
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert CARLSON, a.k.a. Calvin Sorenson, Petitioner-Appellant,
v.
Kenneth MORGAN, Respondent-Appellee.
 No. 96-1552.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 05, 1997.
 
 Before FLAUM, MANION and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Robert Carlson, a state prisoner, appeals the district court's denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. Carlson pleaded guilty in 1988 to three misdemeanor charges and one felony. The plea agreement contemplated the applicability of the Wisconsin repeater sentence enhancement based on a prior felony conviction in 1983, and Carlson was accordingly sentenced to the maximum period of incarceration under the repeater statute. In his petition to the district court Carlson raised several claims. The district court agreed with the report and recommendation of the magistrate judge and denied relief. On appeal, Carlson raises only the claim that he was denied due process as a result of being sentenced as a repeater on the basis of insufficient evidence of the prior conviction.
 
 
 2
 The date of the prior conviction reflected on the charging documents is inaccurate by one month; no conviction on that date exists. The correct date was set forth in the presentence investigation report. It remains an undisputed fact that there does exist a prior conviction for purposes of invoking the repeater sentence enhancement. Carlson's quarrel is only with the date of that conviction as alleged in the criminal complaint, which date is inaccurate. He contends that his sentencing as a repeater cannot be upheld because the evidence of the prior conviction, as alleged with the incorrect date, was insufficient.
 
 
 3
 Carlson overlooks the fact that the error in the date of the prior conviction was corrected prior to sentencing. Moreover, the exact date is of little consequence in light of Carlson's admission of the existence of the prior conviction and of its particular effect of invoking the repeater sentence enhancement.
 
 
 4
 Throughout Carlson's post-conviction process, the Wisconsin state courts found that Carlson knew that his sentence could be enhanced as a repeater by virtue of the prior conviction because he admitted to the prior conviction in his plea waiver, and therefore that he knew the full range of possible penalties. According to 28 U.S.C. § 2254(e)(1), state court determinations of factual issues shall be presumed to be correct unless the petitioner proves otherwise by clear and convincing evidence.[1] Carlson has offered no evidence to support the contention that he relied upon the incorrect date indicated for his prior conviction, nor has he provided any basis to rebut his admission of the prior conviction.
 
 
 5
 Carlson's reliance on State v. Wilks, 477 N.W.2d 632 (Wis.Ct.App.1991) affords him no assistance in pursuit of his federal claims before this court. See Kraushaar v. Flanigan, 45 F.3d 1040, 1047 (7th Cir.1995) (state law is not relevant to a question under the federal Constitution).
 
 
 6
 Carlson admitted to the prior conviction and the applicability of the repeater sentencing enhancements in his plea questionnaire. Moreover, the potential repeater sentence enhancements are specifically referred to in the plea agreement. The state post-conviction relief courts thoroughly analyzed Carlson's case complete with an evidentiary hearing. The magistrate judge also performed an exhaustive review with which the district court agreed in toto. Carlson has failed to raise a colorable challenge to the state court findings of fact.
 
 
 7
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Section 2254(e)(1), (formerly § 2254(d)), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (Apr. 24, 1996), applies to Carlson's petition. Lindh v. Murphy, 96 F.3d 856 (7th Cir.1996) (en banc). However, even under the prior standard of reviewing state court findings of fact, we would defer to the Wisconsin courts' determinations in this case