STATE of Wisconsin EX REL. Debra CHRISTIE, Petitioner-Appellant,

v.

John HUSZ, Respondent-Respondent.

Court of Appeals

*No. 97–0807. Submitted on briefs January 26, 1998.—Decided February 25, 1998.*

(Also reported in 579 N.W.2d 243.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Debra Christie,* pro se.

On behalf of the respondent-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Richard A. Victor,* assistant attorney general.

Before Brown, Nettesheim and Anderson, JJ.

BROWN, J. Debra Christie contends that the trial court erred when it granted John Husz's[1] motion to dismiss her writ of habeas corpus because she failed to appear at the motion hearing. She claims that her failure to appear was due to her incarceration, was not her fault, and that the trial court should have made the necessary arrangements for her to appear. We hold that in an action involving a prisoner acting pro se, if the court concludes that a hearing is necessary and that a teleconference will suffice, it is the responsibility of the trial court to arrange for the pro se prisoner to have access to a telephone at the time of the hearing. We reverse.

---

[1] John Husz is the chairman of the Wisconsin Parole Commission.

Christie is presently an inmate at the Taycheedah Correctional Institution. In July 1996, acting pro se, she filed a habeas corpus petition for a writ of certiorari, claiming that the parole commission failed to consider a sentence modification when it determined both her mandatory release date and eligibility for parole. After reviewing the petition, the trial court issued a writ. Husz subsequently filed a motion with supporting affidavits to quash the writ and dismiss the action with prejudice, contending that Christie's evidence of a sentence modification was forged.[2] Christie responded by requesting that Husz's motion be dismissed, and she further asked the court to compel Husz to file the return as ordered by the writ. Nothing in the record indicates that Husz filed a return to the writ.

The trial court then set a date for a hearing on the motion to quash the writ. Although the court decided that Christie could appear at the hearing via telephone, the court did not make any arrangements with the correctional institution for her to have access to a telephone on the date of the hearing.

Christie failed to appear at the hearing. As a result, the trial court granted Husz's motion to quash the writ and dismissed the case with prejudice. It commented that the dismissal was "[b]ased on the nonappearance by . . . Christie in this matter at the appointed time and date."

On appeal, Christie argues that the trial court erred because it granted the motion to quash without allowing her to participate in the hearing. Husz, by contrast, contends that the trial court properly granted his motion to quash for a reason not considered by the

[2] Debra Christie was subsequently charged with four counts of forging public documents as a repeater in violation of §§ 943.38(1)(b), and (1)(c) and 939.62(1)(b), STATS.

trial court. He argues that because Christie did not submit any evidence to contradict his affidavits that the 1995 sentence modification was a forgery, the trial court's dismissal was proper.

We address Husz's argument first. Husz's conception—which lies at the core of his argument that we should affirm the trial court's decision because Christie did not submit her own affidavit or other documentary evidence to refute his evidence that the 1995 sentence modification was a forgery—is that a motion to quash is really nothing more than a motion for summary judgment under a different label. Thus, he concludes, we should approach his motion to quash as we would a motion to dismiss with supporting affidavits, i.e., as if it were a motion for summary judgment. *See Envirologix Corp. v. City of Waukesha,* 192 Wis. 2d 277, 286, 531 N.W.2d 357, 362 (Ct. App. 1995) (court will treat a motion to dismiss with supporting affidavits as a motion for summary judgment). Husz's argument is that because Christie did not support the allegations she made in her petition by filing additional affidavits, depositions or answers to interrogatories showing that there was a genuine issue of fact for trial (as she would have had to do in response to a motion for summary judgment), she conceded the factual issue of whether the modification was a forgery; therefore, the trial court, as a matter of law, properly quashed the writ because the petition was insufficient to grant the relief Christie sought.

We reject Husz's argument because it is founded upon the erroneous assumption that a motion to quash can be equated with a motion for summary judgment. In fact, Husz's argument reflects a failure on his part to understand the procedural aspects of a habeas corpus proceeding. Contrary to Husz's understanding, a

motion to quash is not the proper procedural tool with which to raise factual disputes in a habeas proceeding. Instead, if Husz wanted to dispute the facts alleged in the petition by claiming that Christie's evidence was forged, he should have raised this issue by filing a return to the writ, which the petitioner could then traverse, thus raising an issue of fact for trial. *See State ex rel. Hellige v. Milwaukee Liedertafel,* 166 Wis. 277, 279–80, 164 N.W. 1004, 1004–05 (1917).

A motion to quash the writ, by contrast, only challenges *the sufficiency of the petition. See id.; see also* WISCONSIN PLEADING & PRACTICE § 84.11, at 181 (3rd ed. 1993). Unlike a motion for summary judgment, when a court considers a motion to quash, the allegations made in the petition *are deemed admitted* and the court does not look to facts outside those alleged in the four corners of the petition. *See Abed v. Commissioner of Correction,* 682 A.2d 558, 561 (Conn. App. Ct.), *cert. denied,* 684 A.2d 707 (Conn. 1996). The court will only quash the writ if the facts plead in the petition, when accepted as true, are insufficient to entitle the petitioner to the relief sought. *See Sedlacek v. Hann,* 56 N.W.2d 138, 139 (Neb. 1952).[3] Thus, because a motion

---

[3] Of course, a prisoner who merely makes conclusory allegations regarding his or her confinement cannot survive a motion to quash. A habeas corpus petition containing merely loose allegations which fail to show how, if true, the petitioner is wrongfully detained is defective. *See State ex rel. Doxtater v. Murphy,* 248 Wis. 593, 599, 22 N.W.2d 685, 687–88 (1946), *overruled on other grounds by Voorhis v. State,* 26 Wis. 2d 217, 221 n.2, 131 N.W.2d 833, 835 (1965). Here, however, it appears that Christie has fulfilled the statutory requirements for a writ of habeas corpus according to § 782.04, STATS. She has presented a petition with nonconclusory allegations which she

598

to quash is unlike a motion for summary judgment, Christie did not concede any factual issues as she was under no obligation to answer Husz's motion to quash and supporting affidavits with affidavits of her own; she could rely on the allegations made in her petition to answer Husz's motion to quash the writ.

Having disposed of Husz's argument, we now turn to the argument Christie raises on appeal. As we noted earlier, when Christie failed to appear at the hearing on Husz's motion to quash the writ, the court quashed the writ "[b]ased on [her] nonappearance."

Christie argues that we should reverse because the court erred when it held the hearing and quashed the writ based on her absence. The premise of her argument is that once a court orders a prisoner to appear at a hearing by telephonic means, the court has a duty to then order the correctional institution to arrange for the prisoner to have access to a telephone at the time of the hearing. Thus, she concludes that because the court has a responsibility to arrange for her appearance, her failure to appear was due to the court's error and she should not be held accountable for the consequences. We agree.

A habeas corpus proceeding is a civil action in itself. *See State ex rel. Reynolds v. Flynn,* 180 Wis. 556, 562–63, 193 N.W. 651, 654 (1923). This court has lately held that when a court manages a civil action in which one party is incarcerated, it must exercise its discretion and determine whether the incarcerated party should make an appearance, and, if so, whether alternative means of providing the prisoner access, other than a personal appearance, will suffice. *See Schmidt v.*

---

had verified. The question then is not whether her assertions are conclusory, but whether they are true or false.

*Schmidt,* 212 Wis. 2d 405, 410–12, 569 N.W.2d 74, 77 ( Ct. App. 1997). Having the incarcerated party appear by telephone is an appropriate alternative to a personal appearance. *See id.* at 411–12, 569 N.W.2d at 77.

However, although the trial court was within its discretion under *Schmidt* to allow Christie to appear at the motion hearing by telephone, we hold that it erred when it failed to order the correctional institution to provide Christie with access to a telephone on the date of the hearing. We reach this conclusion because the very nature of incarceration in a state correctional institution denies a pro se prisoner the ability to independently arrange a teleconference call from prison. A trial court cannot simply order the incarcerated pro se prisoner to appear by telephone and then enter judgment against that party when he or she fails to persuade the correctional institution to provide him or her with access to a telephone. Instead, the trial court must take the additional step and make arrangements with the correctional institution to provide the pro se prisoner with access to a telephone on the date of the hearing. Case law from other jurisdictions supports this conclusion. *See State v. Valentine,* 945 P.2d 828, 831 (Az. Ct. App. 1997). Because the trial court erred when it did not arrange for Christie to have access to a telephone, we reverse its order quashing the writ "[b]ased on [her] nonappearance" at the hearing.

In reversing, we do not remand with directions that a new hearing must be held. The trial court is free to revisit its decision to hold a hearing. It can dismiss Husz's motion to quash if it wishes, on grounds that the motion is the wrong vehicle for disputing the facts alleged in Christie's petition. This will allow Husz to

make a return to the writ. At that point, the court can decide whether a factual hearing is necessary. Even then, it may want to wait in light of the fact that Christie apparently faces criminal charges for allegedly forging documents showing that her sentence has been modified. The trial court may want to wait until the finder of fact in that case has made its decision before proceeding in this case. We leave it up to the trial court. All we hold now is that it was error for the trial court to dismiss the habeas petition because Christie did not appear and that, if a hearing is going to be held and if the trial court decides that the prisoner will appear by telephonic means, the trial court must arrange access to the telephone for the prisoner.[4]

*By the Court.*—Order reversed and cause remanded.

---

[4] We limit our holding to pro se prisoners. If a prisoner is represented by counsel, the prisoner's attendance, either in person or by telephonic means, may not be necessary. Moreover, if the prisoner is represented by counsel and the prisoner's appearance is necessary, and if it is determined that appearance by telephonic means will be satisfactory, it should be counsel's obligation to make the arrangements for the appearance. If counsel experiences problems in arranging for telephonic appearance, he or she can always seek the aid of the court.