# COURT OF APPEALS
## DECISION
## DATED AND FILED

## October 15, 2019

**Sheila T. Reiff**
**Clerk of Court of Appeals**

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP2433**

Cir. Ct. No. **2018CV8541**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN EX REL. MUHANNAD M. SALIM,

PETITIONER-APPELLANT,

V.

REED RICHARDSON WARDEN,

RESPONDENT-RESPONDENT.

APPEAL from an order of the circuit court for Milwaukee County: JANE V. CARROLL, Judge. *Affirmed*.

Before Brash, P.J., Kessler and Dugan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Muhannad M. Salim appeals from the denial of a habeas corpus action. Salim argues that he should be immediately released from custody because the circuit court erred in resentencing him and that he was denied positive adjustment time (PAT) because 2011 Wisconsin Act 38 is an ex post facto law.[1] We affirm.

## BACKGROUND

¶2 The following facts are taken from the circuit court's decision and order dismissing Salim's habeas petition. On July 8, 2011, a jury found Salim guilty of six charges:

- count one: burglary;

- count two: violating a domestic abuse injunction;

- count three: criminal damage to property;

- count four: stalking;

- count five: stalking; and

- count six: felony bail jumping

All of the offenses were committed between June 2010 and July 3, 2010. On August 26, 2011, Salim was sentenced as follows:

- count one: three years of initial confinement and three years of extended supervision;

- count two: nine months in the House of Correction (concurrent to count one);

---

[1] As of the date of this opinion, Salim has been released from prison but remains on extended supervision. Extended supervision is considered custody for the purposes of a writ of habeas corpus. *See State ex rel. Singh v. Kemper*, 2016 WI 67, ¶69, 371 Wis. 2d 127, 883 N.W.2d 86.

- count three: nine months in the House of Correction (concurrent to count one);

- count four: two years and six months of initial confinement and one year of extended supervision (consecutive);

- count five: two years and six months of initial confinement and one year of extended supervision (consecutive); and

- count six: one year of initial confinement and one year of extended supervision (consecutive).

The total period of initial confinement was nine years, while the total period of extended supervision was six years.

¶3    Following sentencing, the Department of Corrections (DOC) filed a request with the circuit court for sentencing clarification, noting that the period of initial confinement for counts four and five exceeded the statutory maximum for Class I felonies. *See* WIS. STAT. § 940.32(2).[2]  On November 10, 2011, the circuit court resentenced Salim, reducing the period of initial confinement for counts four and five by one year; however, the circuit court also increased the periods of initial confinement for counts one and six by one year.  The effect of the resentencing was to maintain the total length of Salim's original sentence.  An amended judgment of conviction was entered.

¶4    Salim then moved to commute the extended supervision on count one (burglary) to two years.  The circuit court granted this motion, thereby reducing the total extended supervision period to five years and the total length of sentence to fourteen years.  Another amended judgment of conviction was entered.

---

[2] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Salim thereafter filed multiple motions for sentence modification, all of which were denied. Salim appealed, and his appellate counsel filed a no-merit petition. *See State v. Salim*, No. 2012AP2795-CRNM, unpublished op. and order (WI App July 15, 2015). This court affirmed the circuit court's amended judgment of conviction. *See id.*

¶5 On October 15, 2018, Salim, *pro se*, filed a petition for writ of habeas corpus. In support of his petition, Salim filed a memorandum alleging that the circuit court erroneously resentenced him. Salim also alleged that he was entitled to "relief pursuant to Wis. Stat., 782.01 from [the] ex post facto law of 2011 Wis. Act 38 denying positive adjustment time earned under Wis. Stat., 302.112 (2009-2010)." Reed Richardson, the warden of Stanley Correctional Institution, moved to quash the writ. The circuit court quashed the writ, finding that it had the authority to resentence Salim as it did based on precedent concerning sentencing errors and that Salim was never denied PAT because he never petitioned the circuit court to adjust his sentence based on the number of days of PAT he claimed to have earned, as required by WIS. STAT. § 973.198. This appeal follows.

## DISCUSSION

¶6 On appeal, Salim contends that the circuit court erred when "it concluded that Salim suffered no ex post facto violation under [2011 Wisconsin] Act 38 where he never filed for PAT," and that the circuit court erred in resentencing him rather than simply reducing his sentence on the counts for which he was excessively sentenced. We disagree.

¶7 A motion to quash a writ of habeas corpus "challenges the sufficiency of the petition." *State ex rel. Christie v. Husz*, 217 Wis. 2d 593, 598,

579 N.W.2d 243 (Ct. App. 1998) (emphasis omitted). The circuit court quashes the writ "if the facts plead in the petition, when accepted as true, are insufficient to entitle the petitioner to the relief sought." *Id.* "A circuit court's order denying a petition for writ of habeas corpus presents a mixed question of fact and law." *State ex rel. Singh v. Kemper*, 2016 WI 67, ¶25, 371 Wis. 2d 127, 883 N.W.2d 86.

**Positive Adjustment Time**

¶8 Under WIS. STAT. § 302.113(2)(b) (2009-10), an inmate convicted of non-violent Class F to Class I felonies had the opportunity to earn one day of PAT for every two days of confinement. *Singh*, 371 Wis. 2d 127, ¶12. PAT was earned for every two days that the inmate did not violate any regulation of the prison or refuse or neglect to perform required or assigned duties. *Id.* The statute, enacted in 2009, was repealed under 2011 Wis. Act 38. *Singh*, 371 Wis. 2d 127, ¶14. "Consequently, after August 3, 2011, prisoners were generally precluded from earning positive adjustment time." *Id.* The Act also created WIS. STAT. § 973.198, which "preserved the opportunity for certain individuals to earn early release based on positive adjustment time earned between October 1, 2009 and August 3, 2011, but altered the procedures for procuring early release." *Singh*, 371 Wis. 2d 127, ¶15. Section 973.198 provides, in relevant part:

> (1) When an inmate who is serving a sentence imposed under s. 973.01 and who has earned positive adjustment time under s. 302.113, 2009 stats., or under s. 304.06, 2009 stats., has served the confinement portion of his or her sentence less positive adjustment time earned between October 1, 2009, and August 3, 2011, he or she may petition the sentencing court to adjust the sentence under this section, based on the number of days of positive adjustment time the inmate claims that he or she has earned.

> (3) Within 60 days of receipt of a petition filed under sub. (1), the sentencing court shall either deny the petition

> or hold a hearing and issue an order relating to the inmate's sentence adjustment and release to extended supervision.
>
> (5) If the court determines that the inmate has earned positive adjustment time, the court may reduce the term of confinement in prison by the amount of time remaining in the term of confinement in prison portion of the sentence, less up to 30 days, and shall lengthen the term of extended supervision so that the total length of the bifurcated sentence originally imposed does not change.

*Singh*, 371 Wis. 2d 127, ¶15 (citing WIS. STAT. § 973.198).

¶9      The entire statutory scheme centers on an inmate's petition for PAT. Only after an inmate has petitioned for PAT does the circuit court either hold a hearing or deny the petition without a hearing. *See* WIS. STAT. § 973.198. Salim's argument that he is entitled to immediate release because of an ex post facto violation—that he never received the PAT he earned—fails because Salim never actually petitioned for PAT as required by the statute. Because Salim never sought PAT, he was never denied PAT; thus, his sentence was not unconstitutionally lengthened as he contends. Salim's argument also assumes that the circuit court would have granted his petition. Salim ignores the fact that the decision to reduce a sentence is within the circuit court's discretion. *See* § 973.198(5) ("If the court determines that the inmate has earned positive adjustment time, the court *may* reduce the term of confinement in prison[.]"). (Emphasis added.) Consequently, Salim is not entitled to immediate release from prison through this habeas corpus action.

**Resentencing**

¶10      Salim argues that the circuit court improperly resentenced him pursuant to WIS. STAT. § 973.13. Salim contends that when the circuit court

6

adjusted his sentence on the stalking counts, it should not have increased his sentence on two other counts to effect the same aggregate term of initial incarceration that it originally imposed. Salim contends that the original sentence was "based on [an] individual analysis of Salim's conduct and the degree of seriousness the court attached to each crime." We disagree.

¶11     When a circuit court imposes a penalty in excess of that permitted by the law, the excess portion of the sentence is void. *State v. Wilks*, 165 Wis. 2d 102, 112, 477 N.W.2d 632 (Ct. App. 1991). In such a case, WIS. STAT. § 973.13 provides that "the sentence shall be commuted without further proceedings to the maximum permitted by the law." *Wilks*, 165 Wis. 2d at 112. However, "when a sentence is commuted pursuant to § 973.13 ... the [circuit] court may, in its discretion, resentence the defendant if the premise and goals of the prior sentence have been frustrated." *State v. Holloway*, 202 Wis. 2d 694, 700, 551 N.W.2d 841 (Ct. App. 1996). "When a defendant is resentenced for the purpose of correcting a prior invalid sentence, and when, as compared with the original sentence, the liberty interests of the defendant are substantially and adversely affected, the [circuit] court must state on the record the reasons for so modifying the first sentence." *Grobarchik v. State*, 102 Wis. 2d 461, 474, 307 N.W.2d 170 (1981). "[Its] reasons must be based upon a desire to implement the original dispositional scheme as manifested by the record in the first sentencing proceeding." *Id.*

¶12     This court has previously concluded that the circuit court, in resentencing Salim, implemented the "original dispositional scheme" in order to maintain the goals of the original sentence:

> In framing Salim's sentence, the circuit court explained at the first sentencing hearing that it considered the seriousness of the offenses, Salim's character, and the need to protect the public and the victims. The circuit court

placed great weight on the seriousness of the crimes and aggravating circumstances, noting that Salim manipulated and terrorized L.S. and their children, including Salim's stepson, by threatening violence and suicide, making incessant phone calls, breaking into their house after the domestic abuse injunction had been issued, and attempting to get L.S. fired from her job by filing anonymous false complaints about her. The circuit court looked at other aspects of Salim's character, including the fact that he blamed others for the situation, minimized his own role and was unwilling to see the reality of his actions. The circuit court concluded that Salim needed to be incarcerated to protect L.S., the children and society, and that he also needed to be punished for the suffering he inflicted on L.S. and the children. The circuit court explained its application of the various sentencing considerations in accordance with the framework set forth in *State v. Gallion*, 2004 WI 42, ¶¶39-46, 270 Wis. 2d 535, 678 N.W.2d 197.

*See Salim*, No. 2012AP2795 at 2. Nothing in this record suggests the need to reevaluate our prior conclusion.

¶13     For the foregoing reasons, we affirm the circuit court.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.